1   KEITH E. EGGLETON, State Bar No.159842
    Email:  keggleton@wsgr.com
2   DIANE M. WALTERS, State Bar No. 148136
    Email:  dwalters@wsgr.com
3   L. DAVID NEFOUSE, State Bar No. 243417
    Email:  dnefouse@wsgr.com
4   WILSON SONSINI GOODRICH & ROSATI
    Professional Corporation
5   650 Page Mill Road
    Palo Alto, California  94304-1050
6   Telephone:   (650) 493-9300
    Facsimile:    (650) 565-5100
7

8   Attorneys for Defendants
    S. Douglas Hutcheson, Amin Khalifa,
9   Grant Burton, Dean M. Luvisa, Michael
    B. Targoff, John D. Harkey, Jr., Robert V.
10  Lapenta, Mark H. Rachesky, M.D. and
    James D. Dondero
11

12                  UNITED STATES DISTRICT COURT

13                SOUTHERN DISTRICT OF CALIFORNIA

14

15  CHARLES GRAHAM, Derivatively        )   CASE NO.:  08-CV-0246-L-NLS
    on Behalf of Nominal Defendant LEAP )
16  WIRELESS, INTERNATIONAL, INC.,      )
                                        )   **REQUEST FOR JUDICIAL NOTICE**
17                          Plaintiff,  )   **IN SUPPORT OF INDIVIDUAL**
                                        )   **DEFENDANTS' MOTION TO**
18          v.                          )   **DISMISS PLAINTIFF'S VERIFIED**
                                        )   **SHAREHOLDER DERIVATIVE**
19  S. DOUGLAS HUTCHESON, AMIN          )   **COMPLAINT**
    KHALIFA, GRANT BURTON, DEAN M.      )
20  LUVISA, MICHAEL B. TARGOFF, JOHN D. )   Date:     August 4, 2008
    HARKEY, JR., ROBERT V. LAPENTA, MARK)   Time:     10:30 a.m.
21  H. RACHESKY, M.D., and JAMES D.     )   Dept:     14
    DONDERO,                            )   Before:  The Hon. M. James Lorenz
22                                      )
                            Defendants, )
23  and                                 )
                                        )
24  LEAP WIRELESS INTERNATIONAL, INC.,  )
                                        )
25                     Nominal Defendant.)
                                        )
26  _____)

27

28

1    Defendants S. Douglas Hutcheson, Amin Khalifa, Grant Burton, Dean M. Luvisa,

2    Michael B. Targoff, John D. Harkey, Jr., Robert V. Lapenta, Mark H. Rachesky, M.D., and

3    James D. Dondero (collectively, the "Individual Defendants") respectfully request that this Court

4    take judicial notice, pursuant to Federal Rule of Evidence 201, of the documents submitted as

5    exhibits to the Declaration of Diane M. Walters in Support of the Individual Defendants' Motion

6    to Dismiss Plaintiff's Verified Shareholder Derivative Complaint, filed concurrently herewith.

7    Judicial notice of these documents is appropriate for the reasons set forth below.

8    **A.    Judicial Notice of Securities and Exchange Commission Filings Referenced in
         the Complaint**

9

10    Judicial notice of the following documents is appropriate because they are specifically

11    referenced in the Complaint:

12        1.    Excerpts from a true and correct copy of Leap's Form 10-K for the period ended
               December 31, 2005, filed with the SEC on March 27, 2006 (Walters Decl., Ex.
13             A); referenced in the Complaint at ¶¶ 51-55, 77;

14        2.    Leap's November 9, 2007 press release, attached as Exhibit 99.1 to Leap's Form
               8-K filed with the SEC on November 13, 2007 (Walters Decl., Ex. B); referenced
15             in the Complaint at ¶¶ 56-57.

16    Under the incorporation by reference doctrine, the Court may consider on a motion to

17    dismiss documents that a plaintiff relies upon in his Complaint and whose authenticity is not

18    questioned.  *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994) (holding that

19    "documents whose contents are alleged in a complaint and whose authenticity no party

20    questions, but which are not physically attached to the pleading, may be considered in ruling on a

21    Rule 12(b)(6) motion to dismiss"), *overruled in part on other grounds by Galbraith v. County of*

22    *Santa Clara*, 307 F.3d 1119 (9th Cir. 2002); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n.4

23    (9th Cir. 1998) (documents "integral to the plaintiff's claims" but not attached to the pleading

24    may be considered for a motion to dismiss if their authenticity is not disputed); *In re Peerless*

25    *Sys., Corp. Sec. Litig.*, 182 F. Supp. 2d 982, 987 (S.D. Cal. 2002) ("When ruling on a motion to

26    dismiss, the court may consider the facts alleged in the complaint, documents attached to the

27    complaint, documents relied upon but not attached to the complaint when authenticity is not

28    contested, and matters of which the Court takes judicial notice.").

1    The Court may also take judicial notice of these documents because they were filed with

2    the Securities and Exchange Commission ("SEC").  Courts in the Ninth Circuit routinely hold

3    that SEC filings may properly be considered on a motion to dismiss.  *See In re Silicon Graphics*

4    *Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) ("'[H]aving raised questions about [officers']

5    stock sales [and] based [her] allegations on [officers'] SEC filings . . . [plaintiff] can hardly

6    complain when [the officers] refer to the same information in their defense.'") (alteration in

7    original) (citation omitted); *In re F5 Networks, Inc. Derivative Litig.*, No. C06-794, 2007 WL

8    2476278, at *1 n.1 (W.D. Wash. Aug. 6, 2007) (taking judicial notice of SEC filings under Fed.

9    R. Evid. 201); *Plevy v. Haggerty*, 38 F. Supp. 2d 816, 821 (C.D. Cal. 1998) (judicially noticing

10   SEC filings, including 10-Ks, 10-Qs, press releases, and Form 4s; "[o]n a motion to dismiss, a

11   court may take judicial notice of matters of public record outside of pleadings"); *see also Kramer*

12   *v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).  Accordingly, the Court may take

13   judicial notice of Leap's filings with the SEC.

   **B.    Leap's Amended and Restated Certificate of Incorporation Filed with the
          SEC**

16   Judicial notice of the following document is appropriate because it is a matter of public

17   record and is "capable of accurate and ready determination by resort to resources whose accuracy

18   cannot reasonably be questioned."  Fed. R. Evid. 201(b):

19       3.    Leap's Amended and Restated Certificate of Incorporation, attached as Exhibit
              3.1 to Leap's Form 8-K filed with the SEC on August 20, 2004 (Walters Decl.,
20            Ex. C).

21   Courts routinely take judicial notice of a company's public governance documents, such

22   as articles of incorporation.  *See Shurkin v. Golden State Vintners, Inc.*, No. 04-3434, 2005 WL

23   1926620, at *6 (N.D. Cal. Aug. 10, 2005) (finding that "district courts routinely take judicial

24   notice of public documents such as certificates of incorporation or organization filed with the

25   secretary of state"); *McMichael v. United States Filter Corp.*, No. 99-182, 2001 WL 418981, at

26   *8 (C.D. Cal. Feb. 23, 2001) ("The certificate of incorporation of a Delaware corporation is a

27   publicly filed document, and as such, can be judicially noticed.").  Accordingly, judicial notice

28   of Leap's Certificate of Incorporation is appropriate.

1    Judicial notice is also appropriate because Leap's Certificate of Incorporation was filed

2  with the SEC.  *See supra* at 1-2.

3    **C.    Slip Opinions**

4    The Individual Defendants request that the Court consider the following slip opinion:

5    4.    *Scimeca v. Kim*, No. 06-0562, slip op. (D. Ariz. Aug. 28, 2007) (Walters Decl.
           Ex. D.).

6

7    Slip opinions are matters that are not "subject to reasonable dispute in that [they are] . . .

8  capable of accurate and ready determination by resort to sources whose accuracy cannot

9  reasonably be questioned."  Fed. R. Evid. 201(b)(2).

10                               **CONCLUSION**

11    For the foregoing reasons, the Individual Defendants respectfully request that the Court

12  grant their request for judicial notice of the above-listed exhibits in conjunction with the

13  concurrently filed motion to dismiss the Complaint in this action.

14

15  Dated:  June 2, 2008                    Respectfully submitted,

16                                          WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation
17                                          Keith E. Eggleton
                                            Diane M. Walters
18                                          L. David Nefouse

19
                                            By:___s/ Diane M. Walters_____
20                                               Diane M. Walters
                                                 Email: dwalters@wsgr.com
21
                                            Attorneys for Defendants
22                                          S. Douglas Hutcheson, Amin Khalifa, Grant
                                            Burton, Dean M. Luvisa, Michael B. Targoff,
23                                          John D. Harkey, Jr., Robert V. Lapenta, Mark
                                            H. Rachesky, M.D., and James D. Dondero
24

25

26

27

28

REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF MOTION TO DISMISS
Case No. 08-cv-0246-L-NLS